Louis Pechman, Esq.
Lillian M. Marquez, Esq.
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
marquez@pechmanlaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

CHRISTIAN LOPEZ, VICTOR TUFINO,
MARCOS ROSAS PONCE,

                      Plaintiffs,

          -against-

NICA RESTAURANT CORP. d/b/a NICA
TRATTORIA and GIUSEPPE NICOLOSI,

                  Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

       Plaintiffs Christian Lopez, Victor Tufino, and Marcos Rosas Ponce (collectively, "plaintiffs"), by their attorneys Pechman Law Group PLLC, complaining of defendants Nica Restaurant Corp. d/b/a Nica Trattoria ("Nica Trattoria") and Giuseppe Nicolosi (collectively, "defendants" or "Nica Trattoria"), allege:

### NATURE OF THE ACTION

       1.    Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law § 190, *et seq.* ("NYLL"), seeking to recover unpaid minimum wages, overtime compensation, misappropriated tips and other wages owed to them for their work as waitstaff at Nica Trattoria, an Italian restaurant defendants own and operate.

       2.    At all times relevant, defendants did not pay plaintiffs an hourly wage, but rather a shift pay, or a fixed amount for each day worked.

3.      The average amount defendants paid plaintiffs per hour of work fell below the statutory minimum wage, in violation of the FLSA and the NYLL.

4.      Defendants did not pay plaintiffs overtime compensation for hours worked over forty per week.

5.      Defendants established and imposed an unlawful tip pool upon plaintiffs that required them to pay a share of their gratuities to the owner, defendant Giuseppe Nicolosi ("Nicolosi").

6.      Nica Trattoria also failed to furnish plaintiffs with annual wage notices and accurate wage statements.

7.      Plaintiffs seek a judgment declaring that defendants' pay practices and policies violate the FLSA and the NYLL, and compensating plaintiffs for unpaid minimum and overtime wages, misappropriated gratuities, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and the NYLL.

## JURISDICTION

8.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

9.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because the events giving rise to this complaint occurred at Nica Trattoria, which is located, and operated by defendants, in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

10.     Christian Lopez ("Lopez") resides in the Bronx, New York.

2

11.     Lopez worked as a waiter at Nica Trattoria from in or about March 2015 to in or about November 2015.

12.     Victor Tufino ("Tufino") resides in Elmhurst, New York.

13.     Tufino worked as a busboy at Nica Trattoria from in or about August 2011 to July 2016.

14.     Marcos Rosas Ponce ("Ponce") resides in Corona, New York.

15.     Ponce worked as a busboy at Nica Trattoria from Fall 2009 to in or about March 2012.

**Defendants**

16.     Nica Restaurant Corp. is a New York corporation doing business as Nica Trattoria.

17.     Nica Trattoria is an Italian restaurant located on the Upper East Side, at 354 E. 84th Street, New York, New York 10028.

18.     Nica Trattoria is regularly open seven days per week.  The restaurant opens to the public every day at 6:00 p.m. and closes at approximately 10:30 p.m.

19.     Nica Trattoria is, and was at all times relevant to this action, an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

20.     Nica Trattoria has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

21.     Nica Trattoria has an annual gross volume of sales in excess of $500,000.

22.     Nicolosi is an owner of Nica Trattoria.

23.     The New York Liquor License for Nica Trattoria lists Nicolosi as a principal of Nica Trattoria.

24.     Nicolosi exercises sufficient control over Nica Trattoria's operations to be considered plaintiffs' employer under the FLSA and the NYLL.

25.     At all relevant times, Nicolosi had power over personnel decisions at Nica Trattoria, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

26.     Nicolosi also had power over payroll decisions at Nica Trattoria, including the power to retain time and/or wage records.

27.     At all relevant times, Nicolosi was involved in managing the day-to-day operations of Nica Trattoria and was regularly present at the restaurant.

28.     Nicolosi hired plaintiffs and determined their schedules and rates of pay.

29.     Nicolosi alone handled customer payments and distributed payments to employees.

## DEFENDANTS' FAILURE TO PAY MINIMUM WAGE AND OVERTIME PAY
### Plaintiff Christian Lopez

30.     Lopez worked as a waiter at Nica Trattoria from in or about March 2015 to in or about November 2015.

31.     During that period, Lopez worked from 4:00 p.m. to approximately 10:30 p.m., each day from Wednesday to Saturday, and from 4:00 p.m. to approximately 10:00 p.m. on Sundays.

32.     He received a meal break from 4:00 to 4:30 p.m.

33.     Excluding his meal break, Lopez worked at Nica Trattoria approximately 29.5 hours each week.

34.     Between 4:30 p.m. and 6:00 p.m., before the restaurant's dinner service began, Lopez filled the wine stations, transferred wine boxes to the basement, prepared the wine refrigerators, and arranged tables.

4

35.     Defendants paid Lopez weekly in cash at a rate of $30 per day worked, regardless of the number of hours actually worked.

36.     Lopez's shift pay averaged to an hourly rate of $5.00 for his shifts on Wednesday through Saturday, and an hourly rate of $5.45 for his Sunday shifts, which are below the statutory minimum wage.

37.     Nicolosi agreed to apportion Lopez twenty percent of the tips from customers for his first two months of work, and then twenty-five percent of the tips starting in May 2015.

38.     Defendants did not provide Lopez with adequate notice of the tip credit provisions of the FLSA and NYLL, or their intent to apply a tip credit to wages.

39.     After Nicolosi paid Lopez and other tipped employees their portions of the tip pool, Nicolosi retained the remaining balance.

40.     Defendants did not pay Lopez the statutory minimum wage rate under the FLSA and the NYLL for all hours worked.

**Plaintiff Victor Tufino**

41.     Tufino worked as a busboy at Nica Trattoria from in or about August 2011 to July 2016.

42.     For each shift worked, Tufino received a meal break from 4:00 p.m. to 4:30 p.m.

43.     From in or about August 2011 until in or about March 2015, except during a one-week vacation in August 2014, Tufino worked at Nica Trattoria six days per week, from 3:00 p.m. to approximately 10:30 p.m., totaling approximately 42 hours per week.

44.     During this first period, Defendants paid Tufino weekly in cash at a rate of $30 per day for all hours worked, including for hours worked over forty.

45.     Tufino's shift pay during this period amounted to an hourly rate of $4.28, which is below the statutory minimum wage.

46.     Nicolosi agreed to apportion Tufino twenty percent of the tips from customers during this period.

47.     Defendants did not provide Tufino with adequate notice of the tip credit provisions of the FLSA and NYLL, or their intent to apply a tip credit to wages.

48.     After Nicolosi paid Tufino and other tipped employees their portions of the tip pool, Nicolosi retained the remaining balance.

49.     From in or about March 2015 to in or about August 2015, Tufino did not work at Nica Trattoria.

50.     From in or about September 2015 until July 2016, Tufino returned to work at Nica Trattoria as a food runner five days per week, from 3:00 p.m. to approximately 10:30 p.m., totaling approximately 35 hours per week.

51.     During this second period, Defendants continued to pay Tufino weekly in cash at a rate of $30 per day worked, but raised his proportion of the tips to twenty-five percent of tips from customers. Defendants continued to retain a portion of the tips.

52.     At the beginning of each of his shifts at Nica Trattoria, between 3:00 p.m. and 6:00 p.m. but excluding his meal break, Tufino filled the wine stations, transferred wine boxes to the basement, prepared the wine refrigerators, and arranged tables.

53.     Defendants did not pay Tufino overtime compensation for the hours worked over forty per workweek.

54.     Thus, defendants deprived Tufino of his statutory minimum and overtime wages under the FLSA and the NYLL.

**Plaintiff Marcos Rosas Ponce**

55.     Ponce worked as a busboy at Nica Trattoria from Fall 2009 to in or about March 2012.

56.     Ponce worked at Nica Trattoria six days per week, Monday through Saturday, from 3:00 p.m. to approximately 10:30 p.m., totaling approximately 42 hours per week.

57.     He received a meal break from 4:00 to 4:30 p.m. for each shift worked.

58.     Between 3:00 p.m. and 6:00 p.m., excluding his meal break, Ponce filled the wine stations, transferred wine boxes to the basement, prepared the wine refrigerators, and arranged tables.

59.     Defendants paid Ponce weekly in cash at a rate of $30 per day for all hours worked, including those worked over forty.

60.     Ponce's shift pay averaged to an hourly rate of $4.38, which is below the statutory minimum wage.

61.     Nicolosi agreed to apportion Ponce twenty percent of the tips from customers.

62.     Defendants did not provide Ponce with adequate notice of the tip credit provisions of the FLSA and NYLL, or their intent to apply a tip credit to wages.

63.     After Nicolosi paid Ponce and other tipped employees their portions of the tip pool, Nicolosi retained the remaining balance.

64.     Defendants did not pay Ponce overtime compensation for the hours worked over forty per workweek.

65.     Thus, defendants deprived Ponce of his statutory minimum and overtime wages under the FLSA and the NYLL.

7

## DEFENDANTS' MISAPPROPRIATION OF TIPS

66.     Throughout plaintiffs' employment with defendants, Nicolosi alone handled customer payments, pooled the tips from customers, and distributed the tips amongst tipped employees.

67.     Nicolosi retained a portion of the tips for himself, though he is and was an owner and employer who is not entitled to receive tips under the FLSA and the NYLL.

68.     Due to defendants' misappropriation of gratuities from customers, plaintiffs are entitled to disgorgement of the gratuities misappropriated by defendants.

## DEFENDANTS' VIOLATIONS OF
## THE WAGE THEFT PREVENTION ACT

69.     Defendants paid plaintiffs without providing an accurate wage statement listing: the regular rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

70.     Defendants willfully failed to supply plaintiffs with a written notice of their wages in English or in the language identified by each plaintiff as his primary language, containing his rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

71.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

72.     The FLSA requires that employers pay employees at least the minimum wage for all hours worked.

73.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiffs.

74.     Defendants failed to pay plaintiffs Tufino and Lopez the minimum wages to which they were entitled under the FLSA.

75.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

76.     As a result of defendants' willful violations of the FLSA, Tufino and Lopez suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

77.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

78.     The NYLL requires that employers pay employees at least the minimum wage for all hours worked.

79.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiffs.

80.     Defendants failed to pay plaintiffs the minimum hourly wages to which they were entitled under the NYLL.

81.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs minimum hourly wages.

82.     As a result of defendants' violations of the NYLL, plaintiffs are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**THIRD CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

83.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

84.     Defendants were required to pay plaintiffs one and one-half (1½) times the regular rate at which plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

85.     Defendants have failed to pay Tufino the overtime wages to which he was entitled under the FLSA.

86.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Tufino overtime wages.

87.     Due to defendants' violations of the FLSA, Tufino is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

88.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

89.     Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs one and one (1½) half times the regular rate of pay for all hours they worked in excess of forty.

90.     Defendants have failed to pay Tufino and Ponce the overtime wages to which they were entitled under the NYLL.

91.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Tufino and Ponce overtime wages.

92.     Due to defendants' willful violations of the NYLL, Tufino and Ponce are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre- and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law – Misappropriation of Gratuities)

93.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

94.     Nicolosi is an "employer" within the meaning of the NYLL, because, *inter alia*, he had and exercised the power to hire and fire employees of Nica Trattoria, set their schedules, and distribute their pay.

95.     Defendants required plaintiffs to share a portion of the gratuities they received from customers with an employer, Nicolosi, in violation of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

96.     By defendants' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities received by plaintiffs, defendants have willfully

11

violated the NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

97.     Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover from defendants, their unpaid gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**SIXTH CLAIM**
**(New York Labor Law – WTPA - Failure to Provide Proper Annual Wage Notices)**

98.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

99.     The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.  From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

100.    Defendants' failure to timely furnish plaintiffs wage notices at the time of hiring, or whenever there was a change to plaintiffs' rates of pay, violated NYLL § 191.

101.    Due to defendants' willful violations of NYLL, Article 6, § 195(1) prior to December 31, 2014, Tufino and Ponce are entitled to statutory penalties of fifty dollars each week that defendants failed to provide plaintiffs with wage notices, or a total of $2,500 each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

102.    Due to defendants' willful violations of NYLL, Article 6, § 195(1) since December 31, 2014, plaintiffs Lopez and Tufino are entitled to statutory penalties of fifty dollars each day that defendants failed to provide Lopez and/or Tufino with wage

12

notices, or a total of $5,000 dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**SEVENTH CLAIM**
**(New York Labor Law – WTPA - Failure to Provide Proper Wage Statements)**

103.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

104.    Defendants' failure to furnish plaintiffs with an accurate wage statement for each payment of wages violated the NYLL § 195(3).

105.    Due to defendants' violation of NYLL § 195(3) prior to December 31, 2014, Tufino and Ponce are entitled to recover from defendants liquidated damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

106.    Due to defendants' violation of NYLL § 195(3) since December 31, 2014, Lopez and Tufino are entitled to recover from defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

a.     declaring that defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

c.     declaring that defendants misappropriated gratuities in violation of the NYLL and the New York State Department of Labor Regulations;

e.     declaring that defendants violated the notice and wage statement provisions of the Wage Theft Prevention Act;

f.     declaring that defendants' violations of the FLSA and NYLL were willful;

g.     enjoining future violations of the FLSA and NYLL;

h.     awarding unpaid minimum wages and overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

i.     awarding unpaid minimum wages, overtime wages, misappropriated gratuities, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

j.     awarding liquidated damages as a result of defendants' failure to furnish wage notices and wage statements pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

k.     awarding pre- and post-judgment interest under the FLSA and the NYLL;

l.      awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

m.      awarding such other and further relief as the Court deems just and

proper.

Dated:   New York, New York
         October 5, 2016

PECHMAN LAW GROUP PLLC

By: _____
    Louis Pechman, Esq.
    Lillian M. Marquez, Esq.
    Pechman Law Group PLLC
    488 Madison Avenue - 11th Floor
    New York, New York 10022
    (212) 583-9500
    pechman@pechmanlaw.com
    marquez@pechmanlaw.com
    *Attorneys for Plaintiffs*